(C.D. 3928)

HENRY WEDEMEYER, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 20, 1969)

*Barnes, Richardson & Colburn* (*Rufus E. Jarman* of counsel) for the plaintiff. *William D. Ruckelshaus*, Assistant Attorney General (*Brian Goldstein* and *Patrick D. Gill*, trial attorneys), for the defendant.

WATSON, Judge: The merchandise in the case at bar consists of cigarette lighters described on the invoice as "Anti. 3 assorted Old-Timer with Cigarette Lighter".

The lighters were assessed with duty under item 756.06 of the Tariff Schedules of the United States at the rate of 45 per centum ad valorem which provides for "Pocket lighters, combination pocket and table lighters, and articles in which lighters are incorporated as integral parts and which are ordinarily carried in pockets or handbags: * * * Valued over $5 per dozen pieces".

Plaintiff claims the merchandise is properly classifiable under item 756.10 of said tariff schedules at the rate of 24 per centum ad valorem under the provision therein for "Lighters and articles in which lighters are incorporated as integral parts, and which are ordinarily used on the table * * *". Specifically, plaintiff maintains that these lighters "are not pocket lighters, or combination lighters, or articles ordinarily carried in pockets or purses, but instead they are lighters which are ordinarily used on the table", properly classifiable as claimed.

The statutes herein involved are as follows:

Tariff Schedules of the United States:
Schedule 7, part 9, subpart B:

> Cigar and cigarette lighters (including articles in which lighters are incorporated as significant integral parts), and parts thereof:
>> Pocket lighters, combination pocket and table lighters, and articles in which lighters are incorporated as integral parts and which are ordinarily carried in pockets or handbags:
>>> *    *    *    *    *    *    *
>> Other:
>>> *    *    *    *    *    *    *

| | | |
|---|---|---|
| 756.06 | Valued over $5 per dozen pieces _____ | 45% ad val. |
| 756.10 | Lighters and articles in which lighters are incorporated as integral parts, and which are ordinarily used on the table, not provided for heretofore in this subpart_____ | 24% ad val. |

The record consists of the testimony of one witness for the plaintiff and a number of exhibits received in evidence.

Plaintiff's exhibit 1 consists of one of the articles of merchandise covered by the invoice in this protest (a 1910 Model Ford Lighter). Plaintiff's exhibit 2 consists of a similar model of an automobile base

with a lighter, together with packing and the box in which the merchandise was imported. Plaintiff's illustrative exhibit 3 consists of a picture printed in a brochure of plaintiff company, of a table lighter (#264 Knight Table Lighter) which has been imported by plaintiff for many years, and which has been understood by the trade to be a table lighter. Plaintiff's exhibit 4 is a table lighter which consists of a base designed as a dice with a cylindrical lighter insert. Plaintiff's exhibit 5 is a combination lighter and flashlight in the form of a small pistol imported by plaintiff company.

The defendant introduced one exhibit (exhibit A) which was described by plaintiff's witness as a "pocket lighter" having two flanges, one at the top and one at the bottom.

It appears that each of the cigarette lighters before the court is comprised of two separate parts. One part is the base, which is in the form of a facsimile of the body of an "Old-Timer" automobile (cars that were made at the beginning of the century). The other part is the cigarette lighter insert which has a flange that extends around the top of the lighter portion to keep it from falling through the hole provided in the base. The lighter portion fits into the hole in the base and is easily removable therefrom.

Miss Marie Cappiello, the secretary-treasurer and general manager of Henry Wedemeyer, Inc., testified for the plaintiff that there was a well recognized difference in the trade between table lighters and pocket lighters and that plaintiff's exhibit 1 would be considered a table lighter, and the same would be true of plaintiff's exhibit 2. She further stated that, by her own knowledge, she had never seen anyone or known of anyone who has carried articles like plaintiff's exhibit 1 or 2 in their pocket or purse.

Plaintiff's witness further testified that plaintiff's exhibit 4 falls within the trade understanding of the term table lighters. Miss Cappiello testified that plaintiff's exhibit 5 (i.e. a combination cigarette lighter and flashlight in the form of a small pistol) would not fall within the trade understanding of the category "table lighter" but was considered in the trade as "more than a pocket lighter" and was described in the trade as "a combination pocket lighter and flashlight".

On cross-examination, plaintiff's witness testified that her company does not sell replacements for the lighter parts of plaintiff's exhibit 1, and that if the lighter portion should be lost, the base portion loses its value. The witness agreed that the lighter portion in plaintiff's exhibit 1 is capable of being carried upon the person and used as a lighter. She stated that while she had not seen the type of lighter in plaintiff's exhibit 1 used as a pocket lighter, she had seen similar articles so used. Plaintiff's witness further testified that the presence of the "flange" on plaintiff's exhibit 1 would not detract from its ability to be carried and used on a person; and agreed that the lighter

portion of plaintiff's exhibit 1 would fit readily into a woman's handbag or purse. Miss Cappiello then stated that when she observed the lighter portion of plaintiff's exhibit 1 in use, the automobile model and the lighter were used together, but agreed that the lighter could be removed and used by itself "but not very conveniently"; that "if you use it alone, and if your hand is large, this thing could slip right out of your hand. It is not very convenient because it's so small, but in the car you could use the car as leverage and it's easy to use." The witness agreed that the lighter when removed from the base, is a cigarette lighter and that its presence in the base does not detract from its being a lighter.

Plaintiff's witness further testified that her company had never purchased the lighter portion of plaintiff's exhibit 1 separate from the base. She stated that the base portion of the exhibit would have no value as a model automobile for decorative or ornamental purposes in a home "without the lighter" because the base has a hole in it and "a [model] car does not have a hole in the middle of it"—the base portion alone would be an "incomplete [article]" because of the hole in the center."

The record further discloses that defendant's exhibit A, a pocket lighter, has two flanges, one at the top and one at the bottom and that the flange at the bottom would prevent that lighter from being inserted into a base in the same manner as the lighter portion fits into plaintiff's exhibit 1, 2, or 4.

The question for determination in this case, is not whether the articles in question are table lighters. As to the involved articles being at least in part a table lighter, there is no dispute. In common understanding of the term, there is no question but that the involved items are suitable for use on the table. They would be classifiable under item 756.10 of the tariff schedules if they were not provided for elsewhere in schedule 7, part 9, subpart B.

Plaintiff, however, contends that item 756.06 under which the merchandise was classified, does not apply to the items in question because, according to the importer, these lighters are only table lighters and not combination pocket and table lighters. In support of this contention, plaintiff in its brief directs our attention to certain excerpts from the Tariff Classification Study, Explanatory Notes, Schedule 7, Part 9, Subpart B.

Subpart B of the Tariff Classification Study, *supra*, reads in part as follows:

Subpart B—Cigar and Cigarette Lighters and Holders; Tobacco Pipes

Cigar and cigarette lighters and articles in which lighters are incorporated as integral parts are dutiable under several scattered

provisions in the existing tariff. In the revised schedule they are brought together in items 756.02 through 756.15. In the draft published for public hearings, certain lighters of precious metal or of precious or semiprecious stones were provided for in part 6A of this schedule. However, such lighters have been transferred to this part with the result that all pocket lighters and table lighters are provided for herein. Approximately 75 percent of imports of lighters (in terms of value) are pocket lighters of base metal valued over 20 cents but not over $5 per dozen which under the existing tariff are assessed a duty of 55 percent ad valorem in paragraph 1527. About 15 percent of imports are pocket lighters of base metal valued over $5 per dozen dutiable at the rate of 45 percent under paragraph 1527. Most of the remainder of imported lighters are table lighters dutiable as smokers' articles, n.s.p.f., at the rate of 35 percent ad valorem under paragraph 1552. Pocket lighters of gold or platinum or of which the metal part is gold or platinum (few of which are imported) are dutiable at the rate of 30 percent ad valorem in paragraph 1527. Lighters combined with other articles to be carried on the person are dutiable under paragraph 1527 at rates of 30, 35 and 55 percent ad valorem depending upon component material and value. Lighters combined with articles not to be carried on the person are dutiable at various rates depending upon the article with which the lighters are combined.

* * * With respect to the combination articles, it is common practice to add various articles to pocket and table lighters, such as watch and clock movements, pens, pencils, and flashlights, with the resulting combination forming a coordinate article serving two equal functions and neither of the components being subordinate to the other. For the small volume of imports of such articles, the tariff classification of these articles is needlessly complex because of the many rates of duty which are applicable and because it is frequently necessary (such as in combination watch movements and lighters) to separate the article into component parts for separate duty treatment. In general, the rates which will apply to combination articles under the proposed schedules are higher than existing rates of duty. [*Tariff Classification Study*, Schedule 7, Part 9—Matches and Pyrotechnics; Candles; Blasting Caps; Smokers' Articles—Explanatory Notes, p. 393–394.]

Plaintiff maintains that the language in the Tariff Classification Study, *supra*, makes it clear that the phrase "combination pocket and table lighters" encompasses articles consisting of a cigarette lighter combined with some other article serving a different function, citing as an example plaintiff's exhibit 5 which is both a cigarette lighter and a flashlight joined together with a single, coordinate article. For reasons advanced herein, we are of opinion that plaintiff in this case has misconstrued the application of the phrase "combination pocket and table lighters" to the imported articles.

Defendant in this case has no quarrel with the reference to the Tariff Classification Study, Subpart B, *supra*, but maintains that an examination of the prior law referred to in that excerpt confirms the correctness of the classification made herein under the Tariff Schedules of the United States.

The above-mentioned Tariff Classification Study makes reference to "pocket lighters of base metal valued over 20 cents but not over $5 per dozen which, under the terms of the existing tariff, are assessed a duty of 55 percent ad valorem in paragraph 1527." The Tariff Classification Study likewise mentions "table lighters dutiable as smokers' articles, n.s.p.f., at the rate of 35 percent ad valorem under paragraph 1552." It appears that the classification of combination pocket and table lighters became a problem under the prior tariff act, for there was no specific provision for combination pocket and table lighters. The choice was between articles, including lighters to be carried on or attached to the person, and smokers' articles, n.s.p.f. In *Air Clearance Ass'n, Inc., et al.* v. *United States*, 37 Cust. Ct. 138, C.D. 1813 (1956), the court was confronted with the problem whether certain articles were properly classifiable under paragraph 1527 of the Tariff Act of 1930 or under paragraph 1552 of said act. In its decision, the court in the *Air Clearance* case, *supra*, page 140, quoted in its entirety the Treasury Department ruling on this subject, 86 Treas. Dec. 333, T.D. 52816, which stated as follows:

> A practice has developed of classifying all combination pocket and table cigarette lighters under paragraph 1552 of the Tariff Act of 1930, as modified, as smokers' articles, rather than under paragraph 1527(c) as modified, as articles designed to be carried on or about the person. The practice developed after decisions had been rendered by the United States Customs Court (Abs. 41771, 2 Cust. Ct. 792; Abs. 44662, 5 Cust. Ct. 380) holding certain combination lighters with removable bases to be dutiable under paragraph 1552 on the basis of their condition at the time of importation.

> In a case reported as T.D. 49349, the United States Customs Court held that a combination lighter with a removable base had been designed to be carried on or about the person and that it was therefore classifiable under paragraph 1527(c). In that case the lighter was a complete lighter without the base and it was very suitable to be carried on or about the person. It was more easily operated without the base, and when the base was removed, there was revealed a ring for use in suspending the lighter on or about the person. The court held that it was immaterial that the lighter was also designed for use as a table lighter.

> In Abstracts 41771 and 44662, no reference was made to T.D. 49349 and the decisions indicate that no evidence, other than the samples of the imported articles, was submitted. It is believed therefore that the court did not intend to overrule its decision in T.D. 49349, and that cases may be successfully defended upon the

principle relied upon in the last-mentioned decision. See also T.D. 42562, T.D. 44003, T.D. 49593, Abs. 40003 (1 Cust. Ct. 516) Abs. 44487 (5 Cust. Ct. 346), and Abs. 47650 (9 Cust. Ct. 432).

. In the circumstances, the principle set forth in T.D. 49349 should be given effect. That is, cigar and cigarette lighters, obviously designed to be carried about the person whether or not also designed for use as table lighters, imported with bases not integral parts of the lighters, are in fact articles which, in their imported condition, are designed to be carried about the person and which are provided for by name and description in paragraph 1527(c).

However, as this ruling will result in the assessment of duty at a higher rate than has heretofore been assessed on combination lighters under a uniform and established practice, it shall be applied to such lighters only when entered or withdrawn from warehouse for consumption after 30 days after the publication of this decision in the weekly Treasury Decisions.

As noted, three of the cases referred to in the above-mentioned Treasury Department ruling were *National Silver Co.* v. *United States*, 73 Treas. Dec. 98, T.D. 49349 (1938) ; *Greenberg & Josefsberg* v. *United States*, 2 Cust. Ct. 792, Abstract 41771 (1939), and *Abercrombie & Fitch Co.* v. *United States*, 5 Cust. Ct. 380, Abstract 44662 (1940).

In the *National Silver* case, *supra*, the official sample consisted of a brass cigar or cigarette lighter with a removable base. It appeared that the lighter, with the base removed, was suitable for carriage on or about or attached to the person. A factor which influenced the court in its decision was that the lighter had a ring on the bottom which enabled the lighted to be attached to the person when it was removed from the candlestick-like base. It further appeared that the lighter there involved was also designed to be placed on a desk or table with the base attached. The court was aware that the articles were imported together as were the base and lighter of the merchandise at bar. The court in the *National Silver* case, T.D. 49349, as heretofore noted, held the involved merchandise properly dutiable under paragraph 1527(c) (2) of the Tariff Act of 1930, as articles designed to be worn on apparel or attached to the person, rather than as smokers' articles under paragraph 1552 of the same act.

In *Greenberg & Josefsberg*, *supra*, the merchandise was invoiced as a metal table lighter and returned by the examiner under paragraph 1527 of the Tariff Act of 1930 as a pocket lighter. The court therein held that an inspection of the merchandise indicated that due to the base the article was not designed to be carried about the person, and therefore was not a pocket lighter. Plaintiff's claim as smokers' articles under paragraph 1552 of the Tariff Act of 1930, was sustained.

In the *Abercrombie & Fitch Co.* case, *supra*, the involved lighters consisted of two parts, a base and an upright piece, advertised as a

combination table and pocket lighter. Despite the fact that a purchaser might remove the lighter from the base and carry it in his pocket, the court held the lighters properly dutiable under paragraph 1552 of the Tariff Act of 1930 as smokers' articles, as claimed, rather than under paragraph 1527 of the act, as cigarette lighters, as classified.

The reference to the cases above cited, is a brief summary of the problem encountered in classifying the type of merchandise here involved under the prior law. The Tariff Schedules of the United States have gone far toward resolving this problem. Paragraph 1527 of the Tariff Act of 1930 is incorporated in the provision for pocket lighters in the headnote to item 756.02 through 756.06 (schedule 7, part 9). Added is the provision for combination pocket and table lighters under which the involved merchandise was classified. Also added is the provision for table lighters in item 756.10 of the schedules under which the plaintiff claims. In our opinion, based upon the facts of this case, the provision for "combination pocket and table lighters" would have no meaning and would make no sense if the classification were not correct. "Combination pocket and table lighters" is an *eo nomine* provision designed to cover precisely the type of article here involved.

The presumption of correctness attaches to the classification that the lighter portions in the involved merchandise are suitable for use on the person. While plaintiff's witness stated that she did not in fact ever see the lighter portions in the imported articles used on the person, she admitted that she had seen similar items so used. It further appears that the lighter portions are easily removable for such use. Plaintiff further agrees that the lighter portion is small enough so that there would be no physical difficulty in carrying it in the pocket or purse; nor is there any mechanical reason why the lighter portion would not produce a flame while separate from its base. The lighter portion simply looks like and is a pocket lighter.

In our opinion, inherent in the phrase "combination article" as applied to such articles described in the Tariff Classification Study, *supra*, is the fact that the article has two or more possible uses. When it is employed for one use it may not at the same time be employed for the other use. Examination of the imported article (exhibits 1 and 2) discloses that it could be employed as both a pocket lighter and as a table lighter. As indicated, plaintiff's witness admitted that the lighter could be removed and used by itself. There is no question but that the items in question are also suitable for use on the table.

Plaintiff argues that implicit in the classification of the imported merchandise is the fact that the import specialist "considered that each assembled and individually boxed lighter constituted an entirety" for customs purposes. In this connection, plaintiff overlooks the fact

that the provision for "combination pocket and table lighters" would also cover the merchandise as an entirety. Plaintiff, however, would have entirety equal inseparability. Under plaintiff's contention, combination pocket and table lighters would in all cases have to be whole and inseparable pieces. Such a construction of item 756.06 of the tariff schedules is, in our opinion, without merit.

Plaintiff maintains that the phrase "combination pocket and table lighters" does not refer to articles used partially on the table and partially in the pocket. Plaintiff thus tries to read the provision for "combination pocket and table lighters" to mean combination pocket lighters and combination table lighters. In our opinion, the relevant provision is not to be so construed. The quotation in the Tariff Classification Study, *supra*, in making reference to the "combination articles" refers to combination provisions generally and does not mention the specific provision in the Tariff Schedules of the United States for "combination pocket and table lighters".

The phrase "combination pocket and table lighters" in the statute is one of several combination provisions in the superior heading to item 756.06, Schedule 7, Subpart B of the Tariff Schedules of the United States. In our opinion, the phrase "combination pocket and table lighters" in the statute means precisely that, and the type of goods covered by the phrase is the type dealt with in the Treasury Department ruling above quoted. (86 Treas. Dec. 333, T.D. 52816.) It is precisely this classification difficulty as pointed out in the Treasury decision, T.D. 52816, *supra*, which the Tariff Commission considered when the phrase "combination pocket and table lighters" was employed in the proposed provision which was subsequently enacted.

Plaintiff's witness testified in this case that in her "trade" the articles were table lighters and not pocket lighters. In view of the legislative history, heretofore outlined, with respect to the provision for "combination pocket and table lighters", there is no need to resort to the rule of commercial designation. *V. W. Davis* v. *United States*, 16 Cust. Ct. 163, C.D. 1005 (1946). In addition, a showing of commercial designation has not, in our opinion, been made in this case. The testimony of plaintiff's witness with a limited knowledge of the entire trade in the imported items, is not sufficient to establish commercial designation. Cf. *The Specialty House, Inc., et al.* v. *United States*, 32 Cust. Ct. 146, C.D. 1596 (1954).

On the basis of the record here presented, we are of opinion and hold that the plaintiff has failed to meet its burden of proving by a preponderance of credible evidence that the classification made by the collector is erroneous. Accordingly, the protest claim in this case is overruled.

Judgment will issue accordingly.